UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD PORCZAK | : | Case No.: 1:13-cv-799 |
| | : | |
| Plaintiff, | : | Judge Arthur Spiegel |
| | : | |
| vs. | : | |
| | : | |
| FIDELITY INVESTMENTS | : | |
| INSTITUTIONAL OPERATIONS | : | |
| COMPANY, INC. | : | |
| | : | |
| Defendant. | : | |

**AGREED PROTECTIVE ORDER**

WHEREAS, the matter involves documents that may be proprietary and confidential; and

WHEREAS, compliance with court rules and anticipated discovery requests may require the production and disclosure of confidential and/or proprietary information and documents by the parties; and

NOW, THEREFORE, the parties hereby agree to abide by the following provisions of this Confidentiality Agreement:

1. If any party produces documents which counsel for such party believes, in good faith, to contain confidential information, counsel for the producing party shall designate those documents "CONFIDENTIAL" prior to producing the documents ("Confidential Information").

2. The parties and their counsel shall not disclose or discuss the Confidential Information in any way with any third party, except for purposes of this litigation and in accordance with paragraph number nine. The parties and their counsel shall hold Confidential Information in the strictest confidence and shall in any case protect such Confidential Information with no less diligence than used to protect its own confidential information.

3. The parties and their counsel may use Confidential Information solely for the purpose of discovery in this civil action and any hearings and/or trial before the Court.

4. The parties and their counsel agree not to reproduce, show, or disclose Confidential Information to any person, entity, or organization, without notifying the person, entity, or organization that strict adherence with this Confidentiality Agreement is required.

5. The Confidential Information is, and shall remain at all times, the property of the producing party and no use of Confidential Information is permitted except as otherwise expressly provided in this Agreed Order and only in the manner and to the extent necessary for discovery purposes in this civil action.

6. The parties agree that documents including, but not limited to, electronically stored information (ESI) will be produced without any intent to waive privilege or other protections. If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim, the inadvertent disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

7. This Agreed Order shall commence on the date of execution and will cover all Confidential Information disclosed in furtherance of this Agreement and shall continue in full force and effect as long as Confidential Information remains confidential.

8. If any Confidential Information is to be filed with the Court or attached to any deposition, and the party desires it to be filed under seal, notice shall be provided to opposing counsel and a motion shall be filed with the Court by the party proposing to file the asserted Confidential Information under seal.

9. Any person(s), i.e. expert witnesses, to whom Confidential Information is disclosed under the terms of this Confidentiality Agreement are required to abide by the terms of this Agreement and are hereby enjoined from using the Confidential Information for any purpose whatsoever other than in discovery, any hearing, or trial of this civil action. The party receiving the Confidential Information shall have the duty to provide to any such person, i.e. expert witness, a copy of this Confidentiality Agreement and to notify such person that strict adherence to this Confidentiality Agreement is required.

10. Within thirty (30) days of the conclusion of this matter, all Confidential Information under this Agreement, including copies thereof, shall be returned to counsel for producing party or, in the alternative, the party shall certify to this Court that all Confidential Information has been destroyed.

11. The disclosure of Confidential Information or its use hereunder shall not be construed in any way to grant the parties any right or license with respect to Confidential Information other than the right to use Confidential Information strictly in accordance with the terms of this Agreement and for no other use whatsoever.

Dated this ___3___ day of ___Feb.___, 2014.

_____
~~Judge Arthur Spiegel~~
Karen L. Litkovitz
U.S.M.J.

*HAVE SEEN AND AGREE:*

/s/ Kelly A. Schoening
Kelly Schoening
Kevin Hoskins
Dressman Benzinger LaVelle psc
3500 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 357-5284
*Attorneys for Defendant*

/s/ Tod Thompson
Tod Thompson
6900 Silverton Ave., Suite 4
Cincinnati, Ohio 45236
*Attorney for Plaintiff*

408637v2

3